## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEROME TILMON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-734-WDS |
| | ) | |
| LVNV FUNDING, LLC; | ) | |
| BLATT, HASENMILLER, | ) | |
| LIEBSKER & MOORE, LLC; | ) | |
| BAKER & MILLER, P.C., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendants' motion to dismiss (Doc. 13) to which plaintiff has filed a response (Doc. 16).  Plaintiff is proceeding in this matter pro se.  He filed his amended complaint (Doc. 9) seeking to recover for alleged unlawful debt collection under the Fair Debt Collection Practices Act (FDCPA) 16 U.S.C. § 1692, Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681, and the Illinois Collection Agency Act (ICCA) 225 ILCS § 425.

Because plaintiff proceeds pro se in this matter, the Court will construe his pro se pleadings liberally, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000), however, the complaint must still allege a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 740 (2007) to survive a motion to dismiss.

Before addressing the merits of the motion to dismiss, and plaintiff's response thereto, the Court notes that defendants have attached some 14 pages of exhibits to their motion to dismiss in support of their claims that plaintiff has failed to state a claim on which relief can be granted.  If matters outside the pleadings are presented in a motion to dismiss and not excluded

by the Court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). If the motion is converted to one for summary judgment, then "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. Here, defendants' motion not one which should be treated as a motion for summary judgment, nor is plaintiff's pro se response in the nature of a response to a summary judgment motion. The Court will, therefore, exclude, and not consider, the exhibits to defendants' motion in its review of that motion. Accordingly, to the extent that defendants seek summary judgment, that motion is **DENIED** at this time with leave to re-file in accordance with Fed. R. Civ. P. 56. The Court will, however, consider the motion to dismiss as it is applies to the sufficiency of plaintiff's complaint and whether the matters alleged therein are sufficient to withstand a pleadings challenge.

## BACKGROUND

Plaintiff alleges that in January of 2012, he received a debt collection letter from defendant Blatt, Hasenmiller, Leibsker & Moore, LLC (BHLM) on behalf of defendant LVNV Funding. Plaintiff responded to the letter by returning a conditional acceptance and debt verification letter. Plaintiff claims that in February of 2012, BHLM sent plaintiff an additional letter attempting to collect with a different amount due than had been previously stated. Plaintiff sent BHLM a Notice of Default and a Cease and Desist letter, to which BHLM did not respond. In April BHLM sent another debt collection letter, which prompted a Notice of Intent to Sue letter from plaintiff. In May, 2012, plaintiff spoke with Kenneth Wilson, at BHLM, seeking the status of his account. He was advised that the account had been recalled by Resurgent, and that BHLM was no longer involved in the collection of the debt. Plaintiff alleges that he sought, but had not, as of the filing of the complaint, received written confirmation of that fact. In June of 2012, defendant Baker & Miller allegedly sent plaintiff another debt collection letter on behalf of LVNV Funding seeking to collect on the same debt which remained uncollected by BHLM.

Plaintiff asserts that the actions of each of the defendants were illegal, impacted his credit score, caused him mental anguish and humiliation, loss of reputation, and other damages, including attorney's fees and costs. Count 1 seeks recovery against all defendants under the Illinois Collection Agency Practices Act, 225 ILCS §425 et seq. (ICAA).  Count II seeks recovery against all defendants under the Fair Debt Collection Practices Act (FDCPA).  Counts III and IV each seek recovery for violations of the Fair Credit Reporting Act (FCRA) against defendants. Count III is based on a claim of willful non-compliance, and Count IV alleges negligent non-compliance.

Defendants have filed a joint motion to dismiss, asserting that plaintiff cannot maintain a claim against either law firm defendant or LVNV on any of the alleged claims. Specifically, defendants assert that with respect to Count I law firms are exempt from regulation by the ICAA, and that the complaint does not, therefore, state a claim against the two law firm defendants. With respect to the defendant LVNV, who was the client of both of the law firms, LVNV asserts that dismissal is appropriate because there are no exceptions plead which would make LVNV liable under the ICAA.

With respect to Count II, defendants assert that plaintiff has not alleged a "consumer debt" under the FDCPA which would allow recovery under that Act. Specifically, defendants assert that plaintiff has not alleged the basis for which the debt was incurred, and therefore, has not established that he is a "consumer" within the meaning and coverage of the FCRA.

Finally, with respect to plaintiff's claims in Counts III and IV, defendants assert that plaintiff has not established that the defendant BHLM accessed his credit report without a permissible purpose, and, therefore, does not satisfy the pleading requirements of the Fair Credit Reporting Act (FCRA).

In response, plaintiff acknowledges that under the ICAA law firms are not liable for suit, but asserts that his claim under the ICAA should remain against LVNV. He further asserts that he is a consumer, as a United States citizen, and that his allegations that BHLM improperly accessed his credit report are sufficient to under the FCRA to state a claim.

The question which the Court determines in reviewing a motion to dismiss is whether the defendant is placed on notice of plaintiff's claims such that he, she, or it can sufficiently respond to the claims therein. When the Court reviews a challenge to a pro se complaint, all well-pled facts in that pro se complaint are construed as true and all inferences are made in the favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008); see also, *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632 634-35 (7th Cir. 2012). The complaint must, nonetheless, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this, the factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; see also *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

## ANALYSIS

### A. ICAA Claims

The plaintiff has acknowledged that the claim in Count I against the defendant law firms cannot survive a motion to dismiss. In light of plaintiff's acknowledgement that the law firm defendants are not proper defendants under the ICAA, the Court **GRANTS** the motion to dismiss plaintiff's claims in Count I against defendants Blatt, Hasenmiller,

Liebsker, & Moore, LLC, and Baker & Miller, P.C., and plaintiff's claims in Count I

against the law firm defendants is **DISMISSED**.

Defendant LVNV seeks dismissal of the ICAA claim against it on the grounds that

if the attorney is not subject to suit, then the client, in this case, LVNV, is not subject to

suit.  LVNV is a collection agency, and the ICAA is specifically designed to cover collec-

tion actions, such as that alleged in this case. However, considering all of the allegations in

Count I of the Amended Complaint, all plaintiff has alleged are specific actions by the two

law firms and no separate or independent actions by LVNV which would amount to a

cause of action under the ICAA against LVNV.  Accordingly, the Court **GRANTS** de-

fendant LVNV's motion to dismiss Count I of the Amended Complaint for failure to state

a claim.

Count I, is, therefore, dismissed in its entirety for failure to state a claim for relief

under the ICAA.

### B.  Fair Debt Collection Practices Act

In Count II, plaintiff alleges that he is a "consumer" under the FDCPA, that the de-

fendants falsely reported the character, amount and status of his debt and that failing to

cease debt collection until the debt was violated amounted to a violation of the FDCPA.

The Supreme Court recently noted:  "The FDCPA is a consumer protection statute that

prohibits certain abusive, deceptive, and unfair debt collection practices. See 15 U.S.C. §

1692 . The FDCPA's private-enforcement provision, § 1692k, authorizes any aggrieved

person to recover damages from 'any debt collector who fails to comply with any provi-

sion' of the FDCPA. § 1692k(a)." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1171

(2013). Certain "false, deceptive, or misleading" act can violate the FDCPA even if not in the list of banned practices. §1692e; *Lox v. CDA, Ltd.,* 689 F.3d 818, 821 (7th Cir. 2012).

Section 1692e of the FDCPA prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of a debt. The statute contains a non-exhaustive list of 16 types of conduct that violate the § 1692e. See *Allen v. Bank of America*, N.A., 2012 WL 5412 654, at * 10 (N. D.Ill.2012) (noting that the 16 subsections listed in § 1692e are non-exhaustive).  The Seventh Circuit has held that the test for determining whether a communication violates the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. §1692e, is determined from the standpoint of an "unsophisticated consumer," *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009).  To violate the provision of § 1692g(b), a "significant fraction of the population" must find the letter to be confusing. *Zemickis*, 679 F.3d at 635 (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004)).[1] The Court in *Wahl*, 556 F.3d 645, stated:

> The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir.2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir.2000). If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense.

In this case, plaintiff asserts that although he repeatedly requested confirmation of the amount of the debt, the defendants did not send him proper notification of his debt amount, and made other improper representations.  Defendants assert that plaintiff has failed, in

---

[1] Similarly, other courts have noted that this is an objective standard based on the "least sophisticated consumer." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 61 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); see *Teng v. Metro. Retail Recovery Inc.*, 851 F.Supp. 61, 65 (E.D.N.Y. 1994). The "least sophisticated consumer" standard protects the "naïve and trusting" consumer while shielding debt collectors "against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320.

Count II to establish that he is a consumer under the act, but the statute does not require him to do more than allege that he is a consumer, for purposes of this motion to dismiss. He has alleged that he asked the defendant law firms to confirm the amount of the debt and to stop calling, but that they continued to aggressively contact him to collect the debt. These allegations are sufficient to survive a motion to dismiss, and the motion as to Count II is **DENIED**.

### C.  Counts III and IV.

In Counts III and IV, plaintiff asserts that the defendants improperly "pulled" his credit report, which then led to false credit scores, and other violations of the Fair Credit Reporting Act (FCRA).   Under 15 U.S.C. § 1681(a)(3)(A), a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." See *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir.2009) (holding a credit report obtained on behalf of the owner of the debt was a legitimate purpose); *Smith v. Frye*, 2011 WL 748363, at *3 (N.D.Ill.2011) (holding a credit report obtained in connection with a collection of debt is permissible under FCRA).

In this case, plaintiff has not alleged that defendants acted contrary to the provision of the FCRA when they pulled his credit report.  Accordingly, the Court **GRANTS** the motion to dismiss Counts III and IV for failure to state a claim upon which relief could be granted.

### CONCLUSION

Accordingly, the Court **GRANTS in part and DENIES in part** defendants' mo-

tion to dismiss. The Court **GRANTS** the motion as to Counts I, III and IV of the Amended Complaint and they are dismissed. The Court **DENIES** the motion as to Count II.

Plaintiff is granted leave to file a Second Amended Complaint within thirty (30) days of the date of this Order.

The Court finds plaintiff's pauper status to be persuasive and the motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**. Plaintiff's motion for service of process at Government expense (Doc. 3) is **DENIED** as moot, defendants having already been served.

**IT IS SO ORDERED.**

**DATED: 13 March, 2013**

                                        **/s/ WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**