IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME TILMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LVNV FUNDING, LLC; )<br>BLATT, HASENMILLER, )<br>LIEBSKER & MOORE, LLC; )<br>BAKER & MILLER, P.C., )<br>)<br>Defendants. ) | No. 12-CV-734-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendants' LVNV Funding, LLC, (LVNV), Blatt, Hasenmiller, Liebsker & Moore, LLC., (BHLM), and Baker & Miller, PC's, (collectively referred to as "defendants") joint motion for summary judgment (Doc. 41), to which plaintiff has filed a response (Doc. 42), and defendants a reply (Doc. 43). Plaintiff is proceeding in this matter pro se. Plaintiff seeks to recover for alleged unlawful debt collection under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq.

### I. BACKGROUND

The record reveals that in 2008 plaintiff opened a credit account with HSBC Bank (HSBC) to purchase a Bowflex Ultimate Home Gym for personal use. Defendants assert that plaintiff failed to make payments on the account and that account was charged off by HSBC in October of 2009. Defendant LVNV then purchased the rights to the account in November of 2009, and BHLM was retained by LVNV to help collect against plaintiff on the amounts due. Plaintiff asserts that he had settled the account with HSBC and, therefore, did not owe any

money. In his second amended complaint, plaintiff alleges that in January of 2012, he received a debt collection letter from defendant Blatt, Hasenmiller, Leibsker & Moore, LLC (BHLM) on behalf of defendant LVNV Funding. Plaintiff responded to the letter by returning a conditional acceptance and debt verification letter. Plaintiff claims that in February of 2012, BHLM sent plaintiff an additional letter attempting to collect on a different amount due than that which was set forth in the January, 2012 letter. Plaintiff sent BHLM a Notice of Default and a Cease and Desist letter, to which BHLM did not respond.

In April of 2012, BHLM sent another debt collection letter, which prompted a "Notice of Intent to Sue" letter from plaintiff. In May, 2012, plaintiff spoke with Kenneth Wilson, at BHLM, seeking the status of his account. He was advised that the account had been recalled by Resurgent, and that BHLM was no longer involved in the collection of the debt. Plaintiff alleges that he sought, but had not, as of the filing of the complaint, received written confirmation of that fact. In June of 2012, defendant Baker & Miller allegedly sent plaintiff another debt collection letter on behalf of LVNV Funding seeking to collect on the same debt which remained uncollected by BHLM.

Plaintiff asserts that the actions of each of the defendants were illegal and in violation of the FDCPA and, as a result, he has suffered severe emotional distress, financial loss, and damage to his credit score. Plaintiff prays for statutory damages of $1,000.00, actual damages and attorney's fees and costs.

II. **ANALYSIS**

Defendants have filed a joint motion for summary judgment, asserting that plaintiff's claims against the defendants are unsupported. Defendants claim that they did not violate §

2

1692g(b), § 1692e(2), or § 1692f(1) of the FDCPA. Defendants also assert that defendant LVNV is not vicariously liable for the conduct of Baker & Miller and BHLM.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating that no evidence exists to support the non-moving party's contentions. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, then the non-moving party must set forth specific facts showing that there is a genuine issue of material fact requiring a jury trial. *Id.* at 324. In reviewing a motion for summary judgment, the Court must view the record and draw all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). However, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original); see also *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991) (noting that court is required to draw "only those inferences that are reasonable").

### A. **Defendants' Alleged Violation Of Section 1692g(B).**

Section 1692g(b) provides a consumer with a right to request validation of his debt within thirty days after the initial communication from a debt collector. 15 U.S.C. § 1692g(b). Once the debt collector receives this notice, the debt collector "shall cease collection of the debt, or any portion thereof, until the debt collector" mails the verification to the consumer. *Id.*

Plaintiff claims that BHLM violated this statute by "not ceasing collection efforts until the debt was validated and continued their collection activities." Specifically, plaintiff claims that, although BHLM did respond to his letter demanding validation of the debt, the information provided by BHLM was insufficient because plaintiff could not determine the "legal status" of the debt between Plaintiff and HSBC Bank. Defendant BHLM simply asserts that the letter dated January 16, 2012, provided all the information necessary to validate the debt. The record reveals that the letter provided: the reference number for the account; the account number; name of the current creditor; name of the debtor;  name of the original creditor; last date of payment; balance due; date account was opened; and, date account was charged off.

The Fourth Circuit is instructive on this issue.  In Chaudhry v. Gallerizzo, the Fourth Circuit Court of Appeals held that:

> [V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt…Consistent with the legislative history, verification is only intended to "eliminate the…problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid…" There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)(citations omitted);  see also *Zaborac v. Mut. Hosp. Serv., Inc.*, No. 1:03-CV-01199-LJM-WTL, 2004 WL 2538643 at *2 (S.D. Ind. October 7, 2004) (finding that a written confirmation that the debt collector was demanding what the creditor claimed was owed would have been sufficient information in sending verification, and stating that details of the debt are not required).

Upon review of the record, the Court **FINDS** it is evident that BHLM provided sufficient verification and did not violate Section 1692g(b).  Plaintiff provides no evidence that

defendant Baker & Miller received a request for validation or that BM even knew about any request for validation to BHLM. While knowledge may be imputed to agents, debt collectors are independent contractors. See *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). Baker & Miller may not be held liable, therefore, for actions taken or not taken by BHLM.

### B. Defendants' Alleged Violation Of Section 1692e(2).

Section 1692e(2) prohibits debt collector's use of any "false, deceptive, or misleading representation or means in the collection of any debt," including the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Plaintiff contends that defendants violated this section by "falsely representing the character, amount, or legal status of the alleged debt when the amount allegedly owed went up and down in every communication." (Doc. 26 at 5). Defendant claims that plaintiff's contention is unwarranted because a debt may fluctuate from day-to-day without running afoul of the FDCPA.

The letter at issue included safe-harbor language adopted by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). The safe-harbor language used was that approved for debt collectors to use when the amount of the debt is subject to change from day-to-day. *Id*. at 876.[1]

Further, "a debt collector who uses this form will not violate the 'amount of the debt' provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." and, by using this language, the debt collector "will as a matter of law have discharged his duty to state clearly the amount due." *Id*. Similar language is in defendant BHLM's letter dated November 30,

---

[1] "As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call [phone number]."

2011, and defendant Baker & Miller's collection letter of June 27, 2012. The Court **FINDS,** therefore, that this language, as a matter of law, was sufficient to advise the plaintiff that the balance of the debt would change.

When deciding whether collection letters violate the FDCPA, the Seventh Circuit looks at the letters through the eyes of the unsophisticated consumer. *Wahl v. Midland Credit Mgmt.Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). As the court stated, "[t]he 'unsophisticated consumer' isn't a dimwit. [He] may be 'uniformed, naive, [and] trusting,' but [he] has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences' *Id.* (citations omitted). Further, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Id.* at 645-46 (internal quotations removed). Throughout its letters, the defendants identified the total amount sought with the phrase "balance due." Although the balance due changed multiple times, the reasons for its change are readily discernible. The Court **FINDS** that the defendants did not violate Section 1692e(2) because defendants used the "safe-guard" language in the Miller disclaimer, and the letters would not mislead the unsophisticated consumer.

### C. Defendant LVNV's Alleged Violation Of Section 1692f(1).

Pursuant to Section 1692f(1), a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). There are only two factors to consider when looking at whether the collection of a debt violates § 1692f(1): "(1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law. The provision is silent as to the debt collector's

intent, yet it is clear that a collector who collected a charge unauthorized by the debt agreement or by law, even by accident, would violate § 1692f(1)." *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003).

Plaintiff claims that defendant LVNV violated 15 U.S.C. § 1692f(1) when it attempted to collect a debt from him not authorized by any agreement creating the alleged debt or permitted by law. As defendants note, plaintiff, however, failed to specify which charges were allegedly not authorized by the agreement creating the alleged debt or permitted by law. On or about November 17, 2009, LVNV purchased all right, title and interest in the plaintiff's debt to HSBC bank, and, therefore, LVNV was authorized by the agreement that created the debt to collect those charges.

When a collection letter provides the precise information required by the FDCPA, the letter is not an unfair or unconscionable means of debt collection under § 1692f, even if the debt collector may have falsely stated the amount of debt owed. See *Turner*, 330 F.3d at 998 (noting that "a letter simply providing the information required by Section 1692g(a) is not an unfair or unconscionable means of debt collection under § 1692f, even when the debt collector may have violated some other provision of the FDCPA."); see also *Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 484 (7th Cir. 1997) (finding that "a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under Section 1692f"). The court therefore **FINDS** that defendant LVNV did not violate 15 U.S.C. § 1692f(1).

### D. Defendant LVNV's Vicarious Liability For The Conduct Of Baker & Miller And BHLM.

Generally, "a client is not responsible for its attorney's misconduct because an attorney usually pursues a client's legal rights without specific direction from the client, using

independent professional judgment to determine the manner and form of the work." *Grant-Hall v. Calvary Portfolio Servs., LLC*, 856 F.Supp. 2d 929, 941 (N.D. Ill. 2012) (internal quotations and citations omitted). The plaintiff must show "either that the client specifically directed, controlled, or authorized the attorney's precise method of performing the work or that the client subsequently ratified acts performed in the exercise of [the] attorney's independent judgment." *Horowitz v. Holabird & Root*, 816 N.E.2d 272, 279 (Ill. 2004). Additionally, "if there is no evidence that the client directed, controlled authorized, or ratified the attorney's allegedly tortious conduct, no vicarious liability can attach." *Id*. Here, there is no evidence that defendant LVNV directed, controlled, or authorized defendant BHLM's or defendant BM's method in performing work. There is no evidence in the record that defendant LVNV subsequently ratified the acts performed by either defendant BHLM or defendant BM or even knew about the specific actions they took. Therefore, the Court cannot find that defendant LVNV is vicariously liable for the alleged actions of defendant BHLM or defendant BM.

### III.  CONCLUSION

Accordingly, the Court **GRANTS** defendants' motion for summary judgment, and judgment is entered in favor of defendants, LVNV Funding, LLC, (LVNV), Blatt, Hasenmiller, Liebsker & Moore, LLC., (BHLM), and Baker & Miller, and against plaintiff, Jerome Tilmon on all grounds raised. The Clerk of the Court is directed to enter judgment accordingly. Each party shall bear its own costs.


**IT IS SO ORDERED.**

**DATED: <u>30 January, 2014</u>**

                                        **/s/ WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**